UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Trustees of the Michigan BAC
Pension Fund, *et al.*,

Plaintiffs,

v.

Cornerstone Contractor &
Consulting LLC, *et al.*,

Defendants.

Case No. 25-cv-11092

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE AND TO EXTEND SUMMONSES [5]

Before the Court is a motion for alternate service and to extend summonses filed by Plaintiffs the Trustees of the Michigan BAC Pension Fund, BAC of Michigan Health and Welfare Fund, Statewide Trowel Trades Joint Apprenticeship and Training Fund, Bricklayers and Trowel Trades International Pension Fund, Michigan BAC Local 2 MCA Cooperation and Education Trust Fund, BAC Local 2 of Michigan Holiday Fund, Bricklayers and Trowel Trades International Masonry Institute, Bricklayers and Trowel Trades International Dues Fund, and

Bricklayers and Allied Craftworkers Local No. 2. (ECF No. 5.) For the reasons set forth below, the motion is granted.

Plaintiffs bring this case under the Employee Retirement Income Security Act. (ECF No. 1.) They sue Defendants Cornerstone Contractor & Consulting LLC and Kerri Held. According to the complaint, Cornerstone is "a Michigan limited liability company" (LLC), and Held is "an officer, owner, manager and/or director of Cornerstone" who does business in Michigan. (*Id.* at PageID.2.) Plaintiffs filed the complaint on April 16, 2025. (ECF No. 1.) Summonses were issued for Defendants on April 17, 2025. (ECF Nos. 3, 4.)

On July 15, 2025, Plaintiffs filed their motion for alternate service and to extend summonses. (ECF No. 5.) Plaintiffs seek permission to serve Defendants "via first class mail, and/or certified mail, return receipt requested, at the registered Michigan address of . . . 317 Wabash Street, Milan, MI 48160, and/or by firmly tacking or affixing a copy of [the] Summons and Complaint to the front door of said residence." (*Id.* at PageID.222–223.) In addition, Plaintiffs request an order "extending the Summonses for 60 days." (*Id.* at PageID.222.) Attached to Plaintiffs' motion is a document from the Michigan Department of Licensing and

2

Regulatory Affairs that (1) identifies Held as Cornerstone's resident agent and (2) reflects that the street address of Cornerstone's registered office is 317 Wabash Street, Milan, MI 48160. (ECF No. 5-1, PageID.227.) Also attached to Plaintiffs' motion are affidavits and proof of service forms signed by a process server documenting the process server's attempts to serve each Defendant on various dates in April and July 2025. (ECF Nos. 5-2, 5-3.) The affidavits signed by the process server contain a line that states: "I declare that the statements above are true to the best of my knowledge." (ECF No. 5-2, PageID.230, 232; ECF No. 5-3, PageID.235, 237.) The proof of service forms are signed by the process server under penalty of perjury. (ECF No. 5-2, PageID.231, 233; ECF No. 5-3, PageID.236, 238.)

As noted, Defendants are an LLC and an individual. Regarding service on an LLC, Federal Rule of Civil Procedure 4(h) provides in relevant part that

> a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

3

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Michigan, which is the state where the district court and where Cornerstone's registered office are located, service on an LLC may be accomplished by

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H)(1)–(2). If an LLC

4

>fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint.

Mich. Ct. R. 2.105(H)(3) (alterations in original).

With respect to service on an individual, Federal Rule of Civil Procedure 4(e) states that an individual

>may be served in a judicial district of the United States by:
>
>>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>>(2) doing any of the following:
>>
>>>(A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In Michigan,

>[p]rocess may be served on a resident or nonresident individual by

5

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

If a party "show[s] that service of process cannot reasonably be made as provided by [Michigan Court Rule 2.105], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). The party moving for an alternate means of service "must set forth sufficient facts to show that process cannot be served under [Michigan Court Rule 2.105] and must state the defendant's address or last known address, or that no address of the defendant is known." Mich. Ct. R. 2.105(J)(2).

Here, Plaintiffs demonstrate that service of process cannot reasonably be made as provided in Michigan Court Rule 2.105. The process server attempted to serve Cornerstone and Held at 317 Wabash

6

Street—the address of Cornerstone's registered office—on six dates in April and July 2025 and at different times of day. (ECF Nos. 5-2, 5-3.) During the process server's first service attempt on April 19, 2025 at "1444hrs," the "[s]erver spoke with a w/m, 20s who said he [presumably Held] wasn't home" and "took a card for him." (ECF No. 5-2 PageID.230, 232.) The process server again tried to serve Defendants at 317 Wabash Street on five separate occasions: April 21, 2025 at "0856hrs"; April 22, 2025 at "1826hrs"; July 8, 2025 at "1201hrs"; July 10, 2025 at "1445hrs"; and July 11, 2025 at "1822hrs." (ECF No. 5-2, PageID.230, 232; ECF No. 5-3, PageID.235, 237.) There was "[n]o answer at the door." (*Id.*) The process server "left [a] card." (*Id.*) There were "no cars noted, no neighbors available." (*Id.*)

Plaintiffs "located a possible alternate address for Defendants" through "a Lexis public records search": 7676 Austin Road, Saline, MI 48176. (ECF No. 5, PageID.222.) The process server attempted service at that address on July 8, 2025 at "1228hrs" but was unsuccessful. (ECF No. 5-3.) The process server's affidavit states that "[t]he address is a vacant grassy plot, according to the neighbor (w/m, 50s, ~5'10) at 7640 Austin. The plot was recently bought by Kerri Held." (*Id.* at

7

PageID.235, 237.) In light of these facts, Plaintiffs make a sufficient showing that service cannot reasonably be made by the prescribed means under Michigan Court Rule 2.105.

Plaintiffs' proposed method of alternate service is likely to provide actual notice to Defendants. Plaintiffs request permission to serve Defendants "via first class mail, and/or certified mail, return receipt requested, at the registered Michigan address of . . . 317 Wabash Street, Milan, MI 48160, and/or by firmly tacking or affixing a copy of [the] Summons and Complaint to the front door of said residence." (ECF No. 5, PageID.222–223.) "Tacking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice,' especially when accompanied by a mailing." *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, No. 11-13101, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011) (citing *Dehaan v. Tsarnas*, No. 289967, 2010 WL 2384921, at *4 (Mich. Ct. App. June 15, 2010) (per curiam); *Bennett v. Davidson*, No. 250694, 2005 WL 1123603, at *1 (Mich. Ct. App. May 12, 2005) (per curiam)). Accordingly, the Court will permit Plaintiffs to serve Defendants by tacking and mailing as specified above. *See*

8

*Moseley v. Regency Transp., LLC*, 525 F. Supp. 3d 823, 824–26 (E.D. Mich. 2021) (allowing alternate service on an LLC defendant and on an individual defendant (the LLC's owner and resident agent) by "posting a copy of the summons and the complaint to [the d]efendants' common business address and [the individual defendant's] registered agent address, as well as mailing a copy to the two addresses"); *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *9 (E.D. Mich. Sept. 24, 2019) (allowing alternate service on an individual by tacking and mailing).

The Court also finds that Plaintiffs have made a showing of good cause to extend the service deadline. Under Federal Rule of Civil Procedure 4(m), "the court must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure" to serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)). The facts presented in Plaintiffs' motion demonstrate that Plaintiffs have made a reasonable and diligent

9

effort to complete service in a timely manner. Accordingly, the Court finds that Plaintiffs have shown good cause under Rule 4(m). The service deadline is extended sixty days from the date of this order.

For the reasons set forth above, Plaintiffs' motion for alternate service and to extend summonses (ECF No. 5) is GRANTED. Plaintiffs may serve Defendants with the summons and complaint by (1) first-class and/or certified mail, return receipt requested, at 317 Wabash Street, Milan, MI 48160, and (2) tacking the summons and complaint to the front door of 317 Wabash Street, Milan, MI 48160. The deadline for Plaintiffs to serve Defendants is now sixty days from the date of this order.

IT IS SO ORDERED.

Dated: August 1, 2025      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 1, 2025.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager